**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1823-18T2

HASAN HAFIZ,

     Plaintiff-Respondent,

v.

SHIMAA OSMAN,

     Defendant-Appellant.

_____

Submitted April 28, 2020 - Decided July 13, 2020

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0619-14.

James R. Lisa, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

     Defendant Shimaa Osman appeals from a November 2, 2018 Family Part order denying her request to take her daughter on a trip to Egypt.  The judge

denied the request primarily because the child's father, plaintiff Hasan Hafiz, had not had any significant parenting time with the eight-year-old for nearly nine months. Defendant contends the trial judge abused her discretion in determining it would be in the child's best interests to remain here for now and work on forging a stronger relationship with her father by reestablishing his parenting time schedule. We find defendant's argument lacks sufficient merit to warrant any extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

By way of brief background, the parties, both of whom were born and raised in Egypt, married there in 2008. Their daughter was born in Egypt a little over eighteen months later. Plaintiff was already living in the United States by that time. Defendant and their daughter joined him here in 2011.

By 2013, the parties' marriage had foundered. They engaged in a highly acrimonious divorce, replete with charges and counter-charges of child abuse, necessitating the involvement of the Division of Child Protection and Permanency. None of the charges was established and the court awarded them joint legal custody of their daughter. Defendant was designated as the parent with primary residential custody of the child, and plaintiff was afforded significant overnight parenting time. The final judgment of divorce, entered in 2017, provided each party with two weeks of vacation with their daughter

A-1823-18T2

during July and August but prohibited overseas travel without order of the court.

Defendant has wanted to take their daughter to visit her family in Egypt since the parties' divorce. Plaintiff, who also has family in Egypt, and has himself expressed a desire to have their daughter visit her birthplace, has raised a variety of objections to their daughter traveling to Egypt with defendant. The parties dislike and mistrust one another, and the acrimony of their divorce has negatively affected their daughter. Defendant's first application to take the child to Egypt was denied without prejudice because neither party had provided the court with information as to the effect the trip would have on the child's therapy, begun after she expressed a desire to harm herself.

The current application was heard by the same judge who had presided over the parties' divorce and was well-familiar with their apparent inability to put aside their dislike for one another for the well-being of their child. Their relations were so fraught that the initial custody exchanges were ordered to occur at the police station. The judge recollected her findings at that time were that the parties were treating their daughter as a pawn in their divorce.

A-1823-18T2

Critical to the court's decision on this motion was the revelation that plaintiff had not had any significant parenting time with the parties' daughter in over eight months. Defendant did not deny that plaintiff had not seen their daughter, but claimed the child, then eight-and-a-half, did not want to see her father, and that he had not made a motion to enforce his parenting time. Plaintiff countered that he had cross-moved to enforce his parenting time on defendant's prior motion to permit the child to visit Egypt, and that the court had entered an order enforcing his parenting time.

The judge made clear that she could not determine which party was at fault for plaintiff's failure to exercise his parenting time, notwithstanding that defendant had attempted to thwart plaintiff's parenting time in the past. Applying the factors[1] in <u>Abouzahr v. Matera-Abouzahr</u>, 361 N.J. Super. 135, 156 (App. Div. 2003), especially "the relationship between the parents" and "the character and integrity of the parent seeking out-of-country visitation as gleaned from past comments and conduct," the judge determined she could not

_____

[1] The factors include: "the laws, practices and policies of the foreign nation, . . . the domicile and roots of the parent seeking such visitation, the reason for the visit, the safety and security of the child, the age and attitude of the child to the visit, the relationship between the parents, the propriety and practicality of a bond or other security and the character and integrity of the parent seeking out-of-country visitation as gleaned from past comments and conduct. <u>Abouzahr</u>, 361 N.J. Super. at 156.

conclude it was in the child's best interests to spend weeks in Egypt with defendant before the court had a better understanding of why the child was not seeing plaintiff and could take steps to reinstate parenting time in an effort to strengthen their relationship.

Defendant has given us no reason to second-guess the judge's carefully considered approach. See Hand v. Hand, 391 N.J. Super. 102, 111-12 (App. Div. 2007).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1823-18T2